UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERALD BERNARD BRIGGS,  No. C 05-2505 SI (pr)

    Petitioner,  **ORDER OF DISMISSAL**

    v.

ROSEANNA CAMPBELL, warden,

    Respondent.
                               /

## INTRODUCTION

Gerald Bernard Briggs, a prisoner currently in custody in Mule Creek State Prison, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1996 conviction in the Santa Clara County Superior Court. This matter is now before the court for consideration of respondent's motion to dismiss the petition as untimely. The court finds that the petition was not filed by the deadline in 28 U.S.C. § 2244(d) and therefore dismisses the petition.

## BACKGROUND

Briggs was convicted of burglary and was found to have suffered prior serious felony convictions and prior prison terms. He was sentenced in the Santa Clara County Superior Court on July 11, 1996, to a term of 35 years to life in prison.

1 Briggs appealed. The California Court of Appeal affirmed the judgment of conviction on October 15, 1997. Briggs did not file a petition for review in the California Supreme Court.

Briggs filed several habeas petitions in state court before he filed this action. His first state habeas petition was filed no earlier than January 8, 2004 (i.e., the date it was signed), and was denied by the Santa Clara County Superior Court on February 10, 2004. Briggs' last state habeas petition was denied by the California Supreme Court on April 13, 2005.

Briggs then filed this action. He dated his petition as signed on June 8, 2005. The petition came to the court in an envelope postmarked June 10, 2005 and was stamped "Filed" on June 21, 2005.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The starting date of the limitations period here is the ordinary one: the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A). Briggs' conviction became final on November 24, 1997, 40 days after the issuance of the California Court of Appeal's decision because he did not petition for review in the California Supreme Court. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review

of California Court of Appeal's decision in the Supreme Court of California expired, which was 40 days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a). Absent any tolling, his federal petition had to be filed by November 24, 1998, to be timely. His federal petition was not deemed filed until June 8, 2005, more than six years after the deadline. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002).

Having determined that the presumptive deadline for filing the federal petition was November 24, 1998, and that petitioner missed it by years, the next step is to determine whether the limitations period should be statutorily tolled. The one-year limitations period will be tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Briggs' first state habeas petition was not filed until early January 2004, more than five years after the limitations period had ended, so unless he is entitled to equitable tolling for the period before the first state habeas petition was filed, the state habeas petitions were too late to matter for statute of limitations purposes. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed under state law).

The final step is to determine whether equitable tolling applies. Equitable tolling of the limitation period is available upon a showing of extraordinary circumstances beyond a petitioner's control which prevented him from timely filing the petition. See, e.g., Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time), cert. denied, 523 U.S. 1, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds

1  by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert.
2  denied, 526 U.S. 1060 (1999).  Briggs has not presented any argument for equitable tolling.  The
3  limitations period will not be equitably tolled.

4       Briggs' federal petition was deemed filed on June 8, 2005, more than six years after the
5  deadline for filing.  The petition must be dismissed because it was not timely filed under 28
6  U.S.C. § 2244(d)(1).

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED. (Docket #6.)
The petition is dismissed because it was not timely filed.  The clerk shall close the file.

IT IS SO ORDERED.

DATED: January 17, 2006

_____
SUSAN ILLSTON
United States District Judge